BLACK MOUNTAIN RAILROAD COMPANY ET ALS. v. OCEAN ACCIDENT AND GUARANTEE CORPORATION.

(Filed 6 December, 1916.)

**1. Contracts—Independent Contractor—Owner—Indemnity — Parties—Damages.**

Where the owner is not relieved by independent contract from liability to his contractor's employees for personal injuries received while engaged in doing the work, and the contractor enters into a contract with a liability company to indemnify the owner against such damages, running in the name of the contractor but for the benefit of the owner, with the full knowledge and consent of the indemnity company, the owner who has compromised an action against it which was covered by the policy, and has paid the loss, may maintain an action against the indemnity company to recover the amount so paid.

**2. Contracts—Independent Contractor—Partnership—Indemnity.**

Where a member of a firm of contractors takes out a policy of indemnity for the benefit of the owner in his name, instead of that of the firm, in an action against the indemnity company to recover for a loss covered by the policy: *Held*, each partner is responsible for a partnership loss, and is entitled to the indemnity, and it is immaterial as to the indemnity company whether the policy sued on was taken out in the name of one of the partners or in the name of the firm.

**3. Contracts—Independent Contractor—Indemnity—Parties—Misjoinder—Demurrer.**

In an action by a contractor and owner against an indemnity company to recover a loss, covered by the policy, which the owner had sustained, a demurrer by the defendant for misjoinder of parties plaintiff is bad, for there can be but one recovery and it cannot be prejudicial. *Gorrell v. Water Co.*, 124 N. C., 328, cited and approved.

APPEAL by defendants from *Shaw, J.,* at July Term, 1916, of McDOWELL.

*J. J. McLaughlin, Pless & Winborne for plaintiffs.*
*F. W. Gatlin, Alf S. Barnard, and A. Hall Johnston for defendant.*

CLARK, C. J. The complaint alleges that the plaintiff Ruffin entered into a contract with the Black Mountain Railroad Company to build the road and deliver it free of all claims and liens, which he undertook to accomplish by making a contract of indemnity with the Ocean Accident and Guarantee Corporation, and that this contract was "for the protection of the Black Mountain Railroad Company and for its benefit and with full knowledge of the defendant that said insurance was for the benefit of the said Black Mountain Railroad Company."

An injury having occurred to one of the workmen (Thomas Ruffin), who was known by the defendant to be the agent of the Black Mountain

Railroad Company, it become liable for the injured workman, and this action is brought to recover the loss incurred, which further it is alleged has been paid by the owner under a compromise in an action brought therefor.

The indemnity company knew that Ruffin was under contract to pay any judgment or just claims arising from such injuries as this, and wrote this policy to indemnify him. When the suit was brought the defendant took part in making the defense. It is immaterial that Ruffin was not a party to the action which was brought by the injured employee directly against the plaintiff railroad company. The injury was for the negligent use of explosives, and the railroad company, therefore, was not released from liability by reason of the fact that Ruffin was an independent contractor.

Upon the statement in the complaint, the demurrer was properly overruled. The railroad company suffered the loss, Ruffin or Ruffin & Harris (of which firm he was a partner) is responsible to the railroad company for the amount of said loss, and under his indemnity is entitled to be protected in turn by the indemnity company, the defendant. If there are any defenses, they can be presented by the answer. It is immaterial that the indemnity was taken out in the name of Ruffin & Harris, for as one of the partnership he is responsible to the railroad company for the loss and can require the indemnity company to make the loss good. The demurrer for misjoinder need not be discussed. If there are unnecessary parties plaintiff, they might object on account of the costs or fear of judgment against them, but it is no prejudice to the defendant.

Both the railroad company, the beneficiary of the contract, which claims to recover under the doctrine of *Gorrell v. Water Co.,* 124 N. C., 328, and Ruffin, the obligee in the contract, are parties plaintiff, and as there can be but one recovery, it is a question between them and not a prejudice to the defendant. Nor can there be a misjoinder, for there is but one single cause of action, the injury to the employee and the responsibility of the defendant by reason of the contract of indemnity.

Affirmed.